UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RICK SELF, as next of kin of Joseph Self, deceased, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| JEFFREY WADE SIMMONS and TENNESSEE VALLEY AUTHORITY, | ) ) ) | Case No. 1:24-cv-267 |
| *Defendants,* | ) ) | Judge Curtis L. Collier |
| and | ) ) | Magistrate Judge Michael J. Dumitru |
| TENNESSEE VALLEY AUTHORITY, | ) ) | |
| *Cross Claimant,* | ) ) | |
| v. | ) ) | |
| JEFFREY WADE SIMMONS, | ) ) | |
| *Cross Defendant.* | ) | |

## M E M O R A N D U M

Before the Court is a motion by Defendant/Cross Defendant, Jeffrey Wade Simmons, to stay the case as to himself. (Doc. 11.) Plaintiff, Rick Self, has responded in opposition. (Doc. 15.) Defendant/Cross Claimant, Tennessee Valley Authority ("TVA"), has also responded (Doc. 17) and contingently moves the Court to stay the entire case, not just the case as to Simmons, if the Court deems a stay is appropriate (Doc. 18).

## I.    BACKGROUND

This case arises from an automobile accident that occurred on or around August 29, 2023, in McMinn County, Tennessee. (Doc. 1-1 at 1–2.) According to the complaint, Simmons was

intoxicated and driving in excess of the speed limit. (*Id*.) Simmons, who was driving a vehicle owned by TVA, struck Joseph Self's vehicle from behind, resulting in Self's death. (*Id*. at 2.) Based on these allegations, Plaintiff Rick Self, as next of kin of Joseph Self, asserts a cause of action against Simmons for wrongful death (*id*. at 2, 68), and causes of action against TVA for respondeat superior, negligent entrustment, and negligent training and supervision (*id*. at 68–70).

Based on the same conduct alleged in this lawsuit, Simmons has a criminal case pending in McMinn County, Tennessee, where he was charged with "Vehicular Homicide (Tenn. Code. Ann. § 39-13-213 (a)(2)), as a class B felony, Vehicular Assault (Tenn. Code Ann. § 39-13-106) as a class D felony, and Reckless Driving (Tenn. Code Ann. § 55-10-205) as a class B misdemeanor." (Doc. 12 at 2.) Due to his pending criminal matter, Simmons contends that he "will have to invoke his Fifth Amendment privileges during the discovery process and as a result, in so doing will prejudice [his] defense in this civil case." (*Id*. at 3.) Accordingly, Simmons moves to stay the case as to himself. (Doc. 11.)

## II.    **STANDARD OF REVIEW**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 626–27 (6th Cir. 2014) (citation omitted). A court has broad discretion in deciding whether to grant a request to stay a civil action during the pendency of a criminal case. *Id.* at 627 (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)); *Rimmell v. Burke*, No. 1:19-CV-223, 2020 WL 12863520, at *1 (E.D. Tenn. July 24, 2020).

"Courts are afforded th[e] discretion [to grant a stay] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Chao*, 498 F. Supp. 2d at 1037 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)). However, staying a civil case is an extraordinary remedy. *E.M.A. Nationwide*, 767 F.3d at 627 (citing *United States v. Ogbazion*, No. 3:12–CV–95, 2012 WL 4364306, at *1 (S.D. Ohio Sept. 24, 2012)).

In deciding whether to stay a civil case while a criminal case is pending, a court should weigh factors that include the following:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*E.M.A. Nationwide*, 767 F.3d at 627 (quoting *Chao*, 498 F. Supp. 2d at 1037). "While '[t]he most important consideration is the balance of hardships . . . [t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *Rimmell*, 2020 WL 12863520, at *1 (quoting *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864 (Table) (6th Cir. 1989)). "[T]he burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* (quoting *Ohio Envt'l. Council v. U.S. Dist. Court, S. Dist. Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

3

## III.  DISCUSSION

The Court first considers Simmons's motion to stay the case as to himself (Doc. 11), followed by TVA's contingent motion to stay the case in its entirety (Doc. 18).

### A.  Simmons's Motion to Stay

The Court addresses the factors relevant to staying the case as to Simmons in turn below.

#### 1.  Degree of Overlap

The Court first evaluates the extent to which the issues in the criminal case overlap with those in the civil case.  *See Rimmell*, 2020 WL 12863520, at *2.  This factor is considered "'the most important factor' because '[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay.'"  *Id.*  (quoting *Chao*, 498 F. Supp. 2d at 1039).

Here, there is significant overlap between the factual issues in this case and the factual issues in Simmons's state-court criminal case, as both cases arise from the same automobile accident.  *See id.*  As a result, Simmons contends that he "may be compelled to assert his Fifth Amendment privilege against self-incrimination in the civil action to protect his interests in the criminal action."  (Doc. 12 at 5.)  Thus, the first factor weighs heavily in favor of granting a stay. *See Chao*, 498 F. Supp. 2d at 1037.

#### 2.  Status of Criminal Case

Second, the Court considers the status of the criminal case.  When a defendant has already been indicted and is facing criminal trial, a stay of the civil case "is most appropriate."  *E.M.A. Nationwide*, 767 F.3d at 628.  "The case for a stay is strongest where the defendant has already been indicted because there is a likelihood that incriminating statements could be used against him, and because the criminal case will likely be quickly resolved, decreasing any prejudice caused by

4

a delay." *Walker v. The Nw. Mut. Life Ins. Co.,* No. 5:15-CV-79, 2015 WL 5178702, at *2 (E.D. Ky. Sept. 4, 2015) (quoting *E.M.A. Nationwide,* 767 F.3d at 628).

Here, rather than a pending criminal investigation of unknown status, Simmons's criminal case is well-advanced. Simmons was indicted in McMinn County Criminal Court almost a year ago on April 16, 2024. (Doc. 12-2.) As he has already been indicted, there is a likelihood that incriminating statements could be used against him. *See Walker,* 2015 WL 5178702, at *2.

Further, Simmons represents that the parties in the criminal case have been negotiating a plea agreement. (Doc. 24 ¶ 1.) He notes that if the plea agreement is accepted at the court hearing set for April 2, 2025, "the parties in this civil matter would likely be able to move forward with litigation." (*Id.* ¶ 2.) Thus, "the criminal case will likely be quickly resolved, decreasing any prejudice caused by a delay." *Walker,* 2015 WL 5178702, at *2. Therefore, the second factor also weighs heavily in favor of granting a stay.

### 3. Prejudice to Plaintiff

The third factor requires the Court to weigh Plaintiff's interest in proceeding expeditiously against the prejudice a delay would cause him. Plaintiff argues a blanket stay is unfair to both Plaintiff and TVA and suggests limited discovery would still allow the parties "to inquire into other matters that would not hinder the defense of Simmons's criminal case. . . . or prejudice his Fifth Amendment rights." (Doc. 15 ¶ 3.) Specifically, Plaintiff proposes that this Court follow the same procedures that McMinn County Circuit Court Judge Michael Sharp ordered in state court before this case was removed. (*Id.* ¶¶ 3–4.) He explains that Judge Sharp allowed discovery to be propounded as to Simmons as long as it would not harm or interfere with his criminal case. (*Id.* ¶ 3.) Simmons could object to any discovery and Judge Sharp would make a ruling "on any

such objection on an issue by issue basis." (*Id*.)  Plaintiff argues this approach would limit any potential prejudice to Plaintiff and TVA until the criminal case has concluded.  (*Id*. ¶ 4.)

Plaintiff certainly has a valid interest in proceeding with his action against Defendants expeditiously.  However, even if the Court granted Plaintiff's proposal, Simmons's assertion of his Fifth Amendment right may still create complications and difficulties for all parties, including Plaintiff, during the discovery process.  *See Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 850 (M.D. Tenn. 2018) (citing *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (discussing issues related to the interrogatory process in civil cases where criminal charges are possible)).  As TVA explains, "the parties cannot narrow the issues in this case without [Defendant/Cross Simmons's participation in discovery" and "[t]he parties run the risk of taking depositions, only to later be forced to reopen them." (Doc. 18 at 5.)  Even if some limited discovery is conducted, "the eventual allocation of fault necessary for determining comparative fault cannot be completed in the absence of Simmons's participation; and the allegations of criminality contained in Simmons's indictments . . . directly pertain to Plaintiff's claims, as well as TVA's claims and defenses." (*Id*. at 6.)

Both Plaintiff and TVA would be forced to litigate the action in piecemeal fashion, leading to the burden of duplicative discovery, depositions, and wasted time and resources once Simmons can participate fully in discovery.  *See Boerste v. Ellis, LLC*, No. 3:17-CV-298-GNS, 2017 WL 6377976, at *4 (W.D. Ky. Dec. 13, 2017) (denying the plaintiff's request to initiate discovery in relation to certain topics due to the burden on the parties).  Moreover, given the status of the criminal case, the Court does not see a significant risk of prejudice to Plaintiff in delaying this action until the criminal case is resolved.  Therefore, the Court finds this factor weighs slightly against a stay.

6

### 4. Private Interests and Burden on Defendant

Fourth, the Court must evaluate the private interests and the burden on Simmons. Simmons argues that "it would be a burden for [him] to sit for a deposition in a civil case, during which he would more than likely assert his Fifth Amendment privileges" and then "reconvene the depositions later to possibly clear up any potential negative inference that developed from asserting his constitutional rights." (Doc. 12 at 6.) Staying the case would resolve concerns with defending the civil suit against him effectively without compromising his criminal defense. *See Chao*, 498 F. Supp. 2d at 1037. Thus, this factor weighs heavily in favor of granting the stay.

### 5. Interest of the Court

The Court next addresses the interest of the Court. Simmons argues that a stay is in the best interest of the Court because it would allow for the Court's resources to be used efficiently "by avoiding disputes regarding [his] Fifth Amendment rights and preserv[ing] the time of the Court to supervise and assist with other issues in dealing with [TVA]." (Doc. 12 at 6.)

The Court certainly has an interest in the expeditious resolution of cases on its civil docket. However, resolving the criminal matter first may facilitate or resolve some matters in this civil action, which would ensure the Court does not waste judicial resources. For example, "the outcome of the criminal charges against Simmons may narrow the issues by estopping him from asserting certain arguments in this civil action." (Doc. 18 at 6.) This possibility favors a stay. *See Doe v. Bd. of Educ. of Milton-Union Exempted Vill. Sch. Dist.,* No. 3:23-CV-00330, 2023 WL 8567337, at *2–3 (S.D. Ohio Dec. 8, 2023) (quotations omitted) (finding that the possibility of the resolution of the defendant's case having a preclusive effect on issues underlying the plaintiff's civil claim favored a stay).

Moreover, Plaintiff's proposed piece-meal discovery procedure, where the Court would be expected to address objections on an issue-by-issue basis, would not only be cumbersome for the parties but also for the Court. "It would not be an efficient use of Court resources to deny a stay and then to have to handle disputes regarding [Simmons's] assertion of his Fifth Amendment privilege against self-incrimination. This is especially true when one considers the relatively short length of the stay, as the criminal matter should be resolved in less than [one] month[]." *See Boerste*, 2017 WL 6377976, at *4. Thus, this factor strongly weighs in favor of a stay.

**6.    Public Interest**

Sixth, and finally, the Court addresses the public interest. On one hand, there is a public interest in remedying Plaintiff's alleged injuries in a timely manner. On the other hand, there is a public interest in using the Court's resources "wisely and efficiently," *id.*, and assuring that "a person's Fifth Amendment rights are not impeded." *Petty as Next Friend of Doe v. Livonia Pub. Sch.,* No. 21-11328, 2023 WL 2392113, at *3 (E.D. Mich. Mar. 7, 2023) (citation omitted). Because a short-lived stay would greatly promote the latter public interests, this factor weighs in favor of staying the case.

Accordingly, taking the factors together, the Court concludes that staying the case as to Simmons pending resolution of his criminal case is appropriate.

**B.    TVA's Contingent Motion to Stay**

Because the Court finds a stay appropriate as to Simmons, TVA moves to stay the case in its entirety. (Doc. 18.) TVA argues that a stay as to only Simmons "forecloses the parties' ability to obtain discovery from Simmons, the key actor in this case, whose submission to discovery is vital to any progress or eventual resolution of this case." (*Id.* at 5.) Acknowledging Simmons's pivotal role in all the claims and defenses of this case, TVA argues, "the parties cannot delve into

the central facts of the case" in his absence. (*Id.*) It additionally argues "his absence will likely lead to a lack of judicial efficiency and a duplication of effort by the other parties." (*Id.* at 7.)

The Court agrees with TVA and finds that staying the case as to only Simmons would be more burdensome on the parties then staying the case in its entirety. Given that the parties will likely be able to proceed with discovery wholesale within a few months once the criminal matter is resolved, the Court concludes that staying the case as to all parties is appropriate.

## IV.   <u>CONCLUSION</u>

Taking the factors together, the Court concludes that staying this case pending resolution of Simmons's criminal case is appropriate. The Court will **GRANT** Simmons's motion to stay the case as to himself. (Doc. 11.) The Court will also **GRANT** TVA's motion to stay the case in its entirety. (Doc. 18.) Accordingly, the case will be **STAYED** as to all parties pending the resolution of Simmons's criminal case. Simmons **SHALL FILE** a report on the status of his criminal case on or before **April 4, 2025**, and every three months thereafter, until the stay is lifted or the case is otherwise disposed of.


**AN APPROPRIATE ORDER WILL ENTER.**


                                    **/s/**_____
                                    **CURTIS L. COLLIER**
                                    **UNITED STATES DISTRICT JUDGE**

9