UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RICK SELF, as next of kin of Joseph Self, deceased, | ) ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY WADE SIMMONS and TENNESSEE VALLEY AUTHORITY, | ) ) |
| | )   Case No. 1:24-cv-267 |
| *Defendants*, | ) |
| | )   Judge Curtis L. Collier |
| and | )   Magistrate Judge Michael J. Dumitru |
| | ) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| | ) |
| *Cross Claimant*, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY WADE SIMMONS, | ) |
| | ) |
| *Cross Defendant*. | ) |

**MEMORANDUM & ORDER**

Before the Court is a motion by Defendant Jeffrey Wade Simmons to amend the scheduling order in this case (Doc. 40). (Doc. 56.) Defendant Tennessee Valley Authority ("TVA") has filed a response in opposition. (Doc. 62.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements, though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474,

478 (6th Cir. 2014). The Court's judicial preferences state that continuances are not routinely granted, especially if they would affect the trial date.

The deadline for Defendants to make expert disclosures was March 16, 2026, and Defendant Simmons did not make any disclosures. The parties are in the process of scheduling Plaintiff Treasa Peck's deposition for "some time in April or May." (Doc. 57 ¶ 2.) Defendant Simmons represents that while he "does not anticipate making an expert disclosure at this time … Plaintiff Treasa Peck's deposition testimony could change this decision." (*Id.* ¶ 3.) Defendant Simmons argues that the deadline for making expert disclosures should be moved until after Plaintiff Peck's deposition because her testimony regarding her injuries or damages may influence whether Defendant Simmons needs an expert.

While Defendant Simmons states that "[i]f the Court grants Defendant's Motion, Defendant will not oppose a request by Plaintiff for additional time to disclose an expert," he also represents that "counsel for TVA has advised that TVA opposes re-opening Plaintiffs' expired expert disclosure deadline." (*Id.* at ¶¶ 5–6.) TVA has filed a response stating that it "opposes re-opening and/or amending any already-expired deadlines in the Scheduling Order, including Plaintiffs' deadline for Rule 26(a)(2) expert disclosures." (Doc. 62 at 2.) And neither Plaintiff Self nor Plaintiff Peck has responded to the motion.

The Court does not find that Defendant Simmons's desire to depose Plaintiff Peck prior to disclosing an expert witness constitutes good cause. All parties had the chance to set their own schedule during the scheduling conference. If Defendant Simmons's need for an expert depended on Plaintiff Peck's deposition, Defendant should have either accounted for that during the scheduling conference or set the deposition earlier. Seeking a more favorable litigation position or changing one's litigation strategy is not the type of unforeseeable event that would ordinarily

constitute good cause. *See Thomas v. McDowell*, 2:10-cv-0152, 2012 U.S. Dist. LEXIS 163261, at \*4–5 (S.D. Ohio Nov. 15, 2012) (collecting cases).

Therefore, the Court **DENIES** Defendant Simmons's motion to amend the scheduling order (Doc. 56).

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**